IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KERRY S. CREAMER,**

    Petitioner,

vs.                                                                   Case No. 4:12cv133-WS/CAS

**DEPARTMENT OF CORRECTIONS,**

    Respondent.

    _____/

## REPORT AND RECOMMENDATION

On March 26, 2012, Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner also filed a motion for leave to proceed *in forma pauperis*, doc. 2, which has been denied as moot in a separate order because Petitioner simultaneously submitted the filing fee at the time of case initiation. Doc. 1.

The petition stems from Petitioner's *nolo contenders* plea to three counts (two counts of trafficking and one count for delivery/sale of a controlled substance) and his February 11, 2009, conviction from the Second Judicial Circuit for Franklin County, Florida. Doc. 1, p. 1. Petitioner filed a direct appeal, which was denied, and then a

Rule 3.850 motion. *Id.*, at 2. The Rule 3.850 motion was filed in June of 2011. *Id.* Petitioner states that he did not receive an evidentiary hearing and has appealed the result. *Id.*, at 3. Specifically, Petitioner states that he is "trying to appeal now." *Id.* Petitioner acknowledges that he previously filed a § 2254 petition and "last month was told to reapply when appeal was denied." *Id.* Petitioner states, "Now I think I have now exhausted state remedy." *Id.*

Pursuant to § 2254, an application for writ of habeas corpus "shall not be granted unless it appears that" the applicant "has exhausted the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A). Furthermore, the statute provides that an applicant has not exhausted state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition must be promptly examined and if it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner filed a § 2254 petition in this Court on March 2, 2011, doc. 1, assigned case number 4:11cv91, and reviewed by Magistrate Judge Gary Jones. Service was directed and a motion to dismiss was filed. On February 10, 2012, a report and recommendation was entered in that case recommending dismissal without prejudice because Petitioner's claims were unexhausted. Doc. 20, case 4:11cv91. The report and recommendation noted that Petitioner had filed an amended Rule 3.850 motion on June 17, 2011, and found that the motion was still pending. Doc. 20, p. 2.

Judicial notice is taken that the report and recommendation, doc. 20, was adopted and petition dismissed on March 30, 2012. Doc. 21, case 4:11cv91. The instant petition was filed prior to that dismissal, on March 26, 2012. Doc. 1, this case. Nowhere in the instant petition does Petitioner state the result of his appeal of the Rule 3.850 motion, a motion that was pending at the time of review by Magistrate Jones.

In February, 2012, when the report and recommendation was entered in case 4:11cv91, Petitioner's state court case (number 08-CF-0107) listed the case status as "reopened" and the motion for post conviction relief was still pending. Judicial notice is also taken of the state circuit court's docket which reveals that on February 27, 2012, the circuit court denied the Rule 3.850 motion for post conviction relief. The docket reflects that on March 5, 2012, Petitioner filed a notice of appeal. On March 7th, the District Court of Appeal acknowledged receipt of the appeal. Review of the docket for the appellate court reveals that Petitioner's appeal was filed in the First District Court of Appeal on March 2, 2012, case number 1D12-1158. On March 12, 2012, Petitioner filed an amended notice of appeal, and on March 19, 2012, an amended initial brief. Petitioner is currently proceeding in the First District Court of Appeal.

To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). It is well settled that, absent extraordinary circumstances, a federal court will not decide the merits of § 2254 claims until they have been exhausted in state court. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 519, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Picard v. Conner,

404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).  Petitioner has not exhausted the remedies available to him in the state courts because his case is currently on appeal in the Florida First District Court of Appeal.  Therefore, this case should be dismissed without prejudice to enable Petitioner to satisfy § 2254's exhaustion requirement.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed by KERRY CREAMER pursuant to 28 U.S.C. § 2254, doc. 1, be **DISMISSED without prejudice** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 3, 2012.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**